FILED
IN CLERK'S OFFICE
US DISTRICT COURT

★ DEC 27 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
KERRY L. MARSHALL,

                       Plaintiff,

        - against -

CONNEX CREDIT UNION, INC.,

                      Defendant.

-----------------------------------------------------------  X

**MEMORANDUM
DECISION AND ORDER**

08 Civ. 1263 (BMC)(LB)

**COGAN**, District Judge.

       Plaintiff is a serial *pro se* litigant who, in this particular action, alleges that the defendant

credit union ("Connex") falsely reported a negative balance in his account, thereby injuring his

credit standing.  Plaintiff asserts violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681

("FCRA").  He claims that he never had an account at Connex.  Defendant has moved for

summary judgment on the ground of collateral estoppel.

       Shortly before commencing this action, plaintiff was indicted for bank fraud under 18

U.S.C. § 1344.  See U.S. v. Marshall, No. 10 cr. 14 (D. Conn.).[1]  The indictment alleged, *inter*

*alia*, that plaintiff opened an account with Connex (the same account at issue in this lawsuit), and

deposited into it fraudulent checks payable to himself and drawn on the accounts of various

individuals.  Apparently, when Connex found out that the deposited checks were fraudulent, it

debited the account, resulting in a negative balance, which it then reported to a credit reporting

agency.

---

[1] This was actually the second indictment on the same charges against plaintiff.  The first, under case number 07 cr.
15, was dismissed without prejudice on speedy trial grounds.

I stayed this action pending resolution of the criminal case. On May 13, 2011, a jury convicted plaintiff on the bank fraud charges. On November 29, 2011, Judge Janet Hall sentenced him to, among other things, 71 months' custody.

Plaintiff is collaterally estopped from pursuing this action. See Crum & Forster Insurance Co. v. Goodmark Industries, Inc., 488 F.Supp.2d 241 (E.D.N.Y. 2007). The jury in the criminal case necessarily determined beyond a reasonable doubt that, contrary to his complaint here, he had indeed opened an account at Connex with fraudulent checks. Based on the jury's verdict, Connex cannot be faulted under the FCRA for reporting a negative balance upon its determination that the checks were unauthorized. See 15 U.S.C. § 1681s-2(a). Nor does it matter, for purposes of collateral estoppel, whether plaintiff determines to pursue an appeal of his conviction. See Studer v. Securities and Exchange Commission,, 148 Fed. App'x 58, 59 (2d Cir. 2005) (citing Blinder, Robinson & Co. v. Securities and Exchange Commission, 837 F.2d 1099, 1104 n. 6 (D.C. Cir. 1988)).

The motion for summary judgment is granted, and the complaint is dismissed. The Clerk is directed to enter judgment accordingly. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S.Ct. 917(1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
       December 27, 2011

2